BETSEY F. GATCHELL, and ALLEN GATCHELL, *vs.* EMMA J. MORSE.

Cumberland. Opinion January 12, 1889.

*Mortgage. Possession. Evidence. Bond for support.*

Where an obligor gives a bond to the obligee to support him in the obligor's house, not naming what house or where situated, and secures the performance of the bond by a mortgage in the usual form upon the obligor's homestead, there is not a legal implication that the mortgagor shall retain possession of the mortgaged premises; nor is it admissible to show that there was a contemporaneous, verbal understanding, that the support should be received in the house on the mortgaged premises.

ON REPORT. This was a real action, upon a mortgage given to plaintiffs, to secure a bond for the maintenance of Allen Gatchell. The defendant claimed that there had been no breach of the condition of the bond or mortgage, and offered oral evidence to prove that by the phrase "house of the said Emma J. and Mathias M. Morse" was meant and intended the house, on the place, mentioned in the mortgage. The object of this evidence was to negative the implication, that the plaintiffs were entitled to the possession of the mortgaged premises, before the condition of the mortgage deed had been broken.

The presiding justice was of the opinion that such evidence was inadmissible, and that the plaintiffs were entitled to the possession of the mortgaged premises, whether the condition of the mortgage had or had not been broken.

By agreement of the parties the case was reported to the law court. If the opinion of the presiding justice was correct, the plaintiffs were to have judgment; otherwise the action was to stand for trial.

*T. M. Giveen,* for plaintiffs.

A mortgagee, as well before as after condition broken, may have judgment for possession at common law, when he does not refer to or declare on his mortgage, and when the object of the suit is not foreclosure. *Green* v. *Kemp,* 13 Mass. 515; *Partridge* v. *Gordon,*

15 Mass. 486; *Rackleff* v. *Norton,* 19 Maine, 274; *Howard* v. *Houghton,* 64 Maine, 445; *Greenlaw* v. *Greenlaw,* 13 Maine, 182, 186; *Mason* v. *Mason,* 67 Maine, 546; *Allen* v. *Parker,* 27 Maine, 531.

*G. D. Parks,* for defendant.

Where the bond is conditioned for the support and maintenance of the mortgagee, on the premises described in the mortgage, the mortgagee must show breach of condition before he is entitled to possession. *Lamb* v. *Foss,* 21 Maine, 240; *Allen* v. *Parker,* 27 Maine, 531; *Brown* v. *Leech,* 35 Maine, 39; *Mason* v. *Mason,* 67 Maine, 546.

The bond provides that Emma J. and Mathias M. Morse shall support and maintain, "the said Allen Gatchell in the house of the said Emma J. and Mathias M. Morse." The place is defined. The location and designation of the premises, may be shown by parol. 1 Greenl. Ev. § 287.

If the evidence should show that the house was not located on the mortgaged premises, the plaintiffs would be entitled to judgment; otherwise, they must show breach. There is enough in the bond and mortgage to show an implied agreement. *Clay* v. *Wren,* 34 Maine, 187; *Norton* v. *Webb,* 35 Maine, 218.

PETERS, C. J. Emma J. Morse and Mathias M. Morse gave a bond obligating themselves to maintain Allen Gatchell, one of the demandants during his lifetime, "in the house of Emma J. and Mathias M. Morse," and secured their bond by a mortgage in usual form on the demanded premises.

Nothing in the bond or mortgage implies that the mortgagors are to retain possession, in order to support the mortgagees on the premises. *Mason* v. *Mason,* 67 Maine, 546. The defendant (one only of the obligors appears to be sued) offered oral evidence to prove that, by the phrase "house of Emma J., &c." is meant a house on the place mortgaged. The evidence was rightly rejected. Even if the parties supposed that such would be the effect of the bond and mortgage, it would not be the legal interpretation. No one would be bound by such supposition. The mortgagors are not bound to remain on the premises. They might be there to-day, and elsewhere to-morrow. The mortgagees are to be a part of the

household wherever that may reasonably be. If that was moved they would be.

*Judgment for demandants.*

WALTON, DANFORTH, VIRGIN, EMERY and HASKELL, JJ., concurred.